**UNITED STATES of America, Plaintiff–Counterclaim Defendant,**

*v.*

**Steven COHEN, Lawrence A. Cohen, Chicago International Chicago Inc., and Chicago International Exporting, Defendants–Counterclaimants.**

**No. 94 C 6801.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 11, 1996.

---

Sam Brooks, United States Attorney's Office, Chicago, IL, Rebecca A. Lloyd, United

States Department of Justice, Environmental Defense Section, Denver, CO, for plaintiff.

Joseph G. Nassif, Coburn & Croft, St. Louis, MO, Carolin K. Shining, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendants, Steven Cohen, Lawrence A. Cohen, Chicago International Chicago, Inc. and Chicago International Exporting, have filed a counterclaim against the plaintiff, the United States of America, requesting that this court (1) order the EPA to rescind all outstanding information requests, tell the recipients of the information requests that they are not obligated to respond and enjoin EPA from issuing additional information requests (Count I); (2) grant a declaratory judgment that the defendants' used motors operation did not result in the disposal of a hazardous substance at the site and, therefore, the defendants are not liable, or alternatively, limit the defendants' and/or their electric motors customers' and suppliers' liability to response costs attributable to the releases from this operation (Count II); and (3) if 42 U.S.C. § 9613(h) prohibits federal jurisdiction over the defendants' counterclaim, grant a declaratory judgment that section 113(h) violates their due process rights under the fifth amendment (Count III). The United States has filed a motion to dismiss the counterclaim. For the reasons discussed below, the motion is granted.

### Federal Jurisdiction over Counts I & II under Section 113(h)

CERCLA section 113(h) limits a federal court's ability to adjudicate actions arising out of CERCLA. Section 113(h) provides:

> No Federal court shall have jurisdiction under Federal law ... to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title, in any action except [in one of the following five situations].

42 U.S.C. § 9613(h). The five exceptions to the jurisdictional bar permit actions by the government or a private party to enforce CERCLA or recover costs for having enforced CERCLA. *Id.; Reardon v. United States,* 947 F.2d 1509, 1512 (1st Cir.1991). Thus, section 113(h) prohibits judicial review "pre-enforcement" as well as until after the remedial action is complete. *Id.; North Shore Gas Company v. Environmental Protection Agency,* 930 F.2d 1239, 1244–45 (7th Cir.1991); *McClellan Ecological Seepage Situation v. Perry,* 47 F.3d 325, 328 (9th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 51, 133 L.Ed.2d 16 (1995). The defendants contend that section 113(h) does not prevent federal jurisdiction over counts I & II of their counterclaim for two reasons.

The defendants initially argue that, in fact, the remedial action is essentially finished. The cleanup has not been fully achieved. I have granted the government's motion to enter the defendants' property in order to remove PCB-contaminated copper fines, but until that process is complete the remedial action cannot be considered over.

The defendants also contend that even if disposing of the copper fines constitutes a removal or remedial action, section 107 demand letters issued by the EPA constitute the beginning of an enforcement action. It is undisputed that the United States has not yet instituted a cost recovery lawsuit.

The only courts to consider this issue have disagreed with defendants' position. *See Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380, 1382–83 (5th Cir.1989) (The court concluded that the demand letters were part of the enforcement process relating to the "removal" action; therefore, CERCLA section 113(h) precluded judicial review of the plaintiff's lawsuit because such review would be pre-enforcement.); *Reardon v. United States, supra,* 947 F.2d at 1513.

The defendants nevertheless argue that efforts to recover cleanup costs are not 'removal' or 'remedial actions' under § 104 or § 106(a). However, the statutory definitions specifically provide that "removal" and "remedial action" "include enforcement activities related thereto." 42 U.S.C. § 9601(25); *Reardon v. United States, supra,* 947 F.2d at 1514.

As the *Reardon* court noted, this issue was addressed during legislative debate. Senator Thurmond, Chairman of the Judiciary Committee, which drafted section 113(h), explained during floor discussion on this section:

> Citizens, including potentially responsible parties, cannot seek review of the response action *or their potential liability for a response action*—other than in a suit for contribution—unless the suit falls within one of the categories in this section. . . .

*Reardon v. United States, supra,* 947 F.2d at 1513 (quoting 132 Cong.Rec. S14929 (daily ed. Oct. 3, 1986)) (emphasis supplied by the court). Additionally, Senator Stafford, Chairman of the Conference Committee, declared:

> When the essence of a lawsuit involves the contesting [of] *the liability of the plaintiff for cleanup costs,* the courts are to apply the provisions of section 113(h), delaying such challenges until the Government has filed a suit.

*Reardon v. United States, supra,* 947 F.2d at 1514 (quoting 132 Cong.Rec. S14898 (daily ed. Oct. 3, 1986)).

■ The defendants argue that if section 113(h)'s jurisdictional bar prevents a declaratory judgment as to the defendants' or their customers' liability CERCLA's statute of limitations is rendered meaningless. Section 113(g)(2)(A) permits a cost recovery action to be commenced within three years after completion of a removal action. 42 U.S.C. § 9613(g)(2)(A). The defendants argue that if efforts to recover costs are part of the removal process, the statute of limitations would never run. It may be that when Congress amended the definitional section in 1986 to include "enforcement activities" as part of "removal" and "remedial" actions, it did not consider the language of section 113(g)(2). *See Reardon v. United States, supra,* 947 F.2d at 1514. Despite the potential problem posed by the language in the two sections, this case—in which defendants seek a judgment that they are not liable

before the government has sought a recovery against them—does not present a conflict.

### *Federal Jurisdiction Over Count I under Section 113(h)(4)*

■ The defendants additionally argue that there is federal subject matter jurisdiction over count I of the counterclaim because they bring this count as a CERCLA citizens' suit.[1] CERCLA permits citizens' suits against the United States to challenge alleged violations of CERCLA. 42 U.S.C. § 9659. Section 113(h)(4) permits federal jurisdiction over citizens' suits after removal or remedial action has been completed. 42 U.S.C. § 9613(h)(4); *Schalk v. Reilly,* 900 F.2d 1091, 1095–96 (7th Cir.1990), *cert. denied sub nom. Frey v. Reilly,* 498 U.S. 981, 111 S.Ct. 509, 112 L.Ed.2d 521 (1990). As discussed above, because there are PCB-contaminated copper fines still to be removed from the site, the removal action has not been completed. Accordingly, there is no federal jurisdiction over count I under the citizens' suit provision.

### *Due Process*

■ The defendants contend that if CERCLA section 113(h) does not permit "a prompt hearing or liability determination," section 113(h) violates the due process guarantee of the fifth amendment. Counterclaim, ¶ 81, p. 16. CERCLA's bar to pre-enforcement judicial review does not violate the defendants' due process rights: where property rights are concerned, it is sufficient that at some stage there is opportunity for judicial review. *Fairchild Semiconductor Corporation v. U.S. Environmental Protection Agency,* 984 F.2d 283, 288–89 (9th Cir.1993); *Dickerson v. Administrator, Environmental Protection Agency,* 834 F.2d 974, 978 n. 7 (11th Cir.1987); *Barmet Aluminum Corporation v. Reilly,* 927 F.2d 289, 296 (6th Cir. 1991); *Schalk v. Reilly, supra,* 900 F.2d at 1097–98; *Employers Insurance of Wausau v. Browner,* 848 F.Supp. 1369, 1374–75 (N.D.Ill. 1994), *aff'd,* 52 F.3d 656 (7th Cir.1995). CERCLA, which permits judicial review

---

1. The applicable federal regulations require that a specific form of notice be given prior to instituting a citizens' suit. 40 C.F.R. § 374.4. The United States agrees that at least as to count I, the defendants provided adequate notice.

when the EPA files a cost recovery action under section 107, merely delays "a plaintiff's ability to have a full hearing on the issue of liability and does not substantively affect the adequacy of such a hearing." *Barmet Aluminum Corporation v. Reilly, supra,* 927 F.2d at 296; *Dickerson v. Administrator, Environmental Protection Agency, supra,* 834 F.2d at 978.

The defendants claim that *Ehrlich v. Reno,* 68 F.3d 456 (3rd Cir.1995), and *Reardon v. United States, supra,* 947 F.2d at 1514–17, authorize pre-enforcement review of their constitutional challenge. *Ehrlich,* an unpublished opinion, held only that the plaintiff's contention that the EPA's demand from him for financial information violated his procedural due process rights should be raised in the EPA's action for compliance which was before the district court. *Reardon v. United States, supra,* 947 F.2d at 1514–17, held that the district court had jurisdiction to hear a pre-enforcement constitutional challenge to the CERCLA statutory scheme under which a lien notice may be filed. The court distinguished similar challenges to removal or remedial actions. Since the defendants' counterclaim in this case concerns their liability for a particular removal action, jurisdiction cannot be premised on *Reardon.*

### Conclusion

For the reasons set forth above, the government's motion to dismiss the defendants' counterclaim is granted.